RELATED DDJ

1

Joseph Rose , Pro Se
Palmdale , CA
2   93552
(661)741-1586
3   JosephRose33@outlook.com

FILED

CLERK, U.S. DISTRICT COURT

08/09/2025

CENTRAL DISTRICT OF CALIFORNIA

BY _____AP_____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

4              UNITED STATES DISTRICT COURT

5              CENTRAL DISTRICT OF CALIFORNIA

6

7

8                        JURISDICTION

9   JOSEPH ROSE,                    Case No.:  5:25-cv-02089-CV(ADS)

                 Plaintiff,
10
                                   COMPLAINT FOR DAMAGES AND
11  vs.                            INJUNCTIVE RELIEF

    LAUSD, General Counsel, Alberto M. Carvalho,
12                                 JURY TRIAL DEMANDED
                 Defendant
13

14

15

16

17  # TABLE OF CONTENTS

18

19  I. INTRODUCTION – p. 1

20  II. JURISDICTION AND VENUE – p. 2

21
22  III. PARTIES – p. 3

23  IV. FACTUAL ALLEGATIONS – p. 4

24
      • A. Timeline of Key Events – p. 4
25    • B. Fraudulent Filings and Invalid Reassignment – p. 5
      • C. Judicial Notice Procured by Perjury – p. 6
26    • D. Dismissal Based on Void Filings – p. 6
      • E. Misappropriation of Evidence in K.D. Case – p. 7
27    • F. LAUSD's Settlement Approval Process – p. 8
28

PLEADING TITLE - 1

V. CAUSES OF ACTION (Counts 1–23) – p. 9

VI. JURY DEMAND – p. 22

VII. PRAYER FOR RELIEF – p. 22

# I. INTRODUCTION

1. This case arises from an orchestrated scheme in which Defendants sabotaged the victim's civil case, misappropriated his evidence, and funneled $3.5 million in public funds to a fabricated plaintiff, "K.D."
2. Defendants' actions constitute fraud upon the court (Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)), violations of due process (Mooney v. Holohan, 294 U.S. 103 (1935)), obstruction of justice, and multiple state and federal law violations.

# II. JURISDICTION AND VENUE

3. Jurisdiction exists under 28 U.S.C. §§ 1331, 1343, and 1367.
4. Venue is proper under 28 U.S.C. § 1391(b) because the events occurred within the Central District.
5. Federal courts may vacate judgments obtained by fraud upon the court (Chambers v. NASCO, Inc., 501 U.S. 32 (1991)).

# III. PARTIES

6. Plaintiff Joseph Rose – SSDI recipient and victim of Defendants' conduct.
7. Los Angeles Unified School District – California public entity.
8. Office of General Counsel, LAUSD – Responsible for litigation oversight and settlement approvals.
9. Alberto M. Carvalho – Superintendent, final settlement authority for LAUSD.

# IV. FACTUAL ALLEGATIONS

PLEADING TITLE - 2

A. Jan 3, 2022 – Victim retains counsel.

Dec 1, 2022 – Victim's case filed after 334-day delay.

Dec 22, 2022 – K.D. v. LAUSD filed in Torrance courthouse.

Jun 29, 2023 – False Notice of Related Case filed, falsely claiming same court; entered into trial court record by appellate clerk without authority.

Aug 21, 2024 – Victim's case dismissed while K.D.'s case moves toward settlement using victim's evidence.

B. Fraudulent Filings and Invalid Reassignment

Defendants knowingly caused a false Notice of Related Case to be filed, misrepresenting venue and enabling improper reassignment in violation of Cal. Rules of Court 3.300. The filing originated from victim's own counsel, contained fabricated venue information, and was entered into the Superior Court record by an appellate clerk without authority to file in the trial court.

C. Judicial Notice Procured by Perjury

Defendants procured judicial notice containing knowingly false statements, a violation under Napue v. Illinois, 360 U.S. 264 (1959).

D. Dismissal Based on Void Filings

The SMJ dismissal on August 21, 2024, rested on a procedurally void Notice of Related Case and perjured Judicial Notice, rendering the dismissal a nullity.

E. Misappropriation of Evidence in K.D. Case

K.D. engaged in settlement conferences months before victim's dismissal, using victim's labeled exhibits and abuse history to secure a $3.5M payout from LAUSD.

F. LAUSD's Settlement Approval Process

All LAUSD settlements require review by General Counsel, Superintendent, and Board, ensuring internal knowle

# V. CAUSES OF ACTION

Count 1 – Civil Rights Violations (42 U.S.C. § 1983 – Due Process)

1. Defendants acted under color of state law to deprive Plaintiff of his rights under the Fourteenth Amendment by sabotaging his case and using his evidence for another litigant.

Count 2 – Civil Rights Conspiracy (42 U.S.C. § 1985(2) & (3))

2. Defendants conspired to obstruct justice and deny equal protection by coordinating with court personnel to ensure Plaintiff's case was dismissed while K.D.'s case advanced.

Count 3 – Fraud (Common Law & Cal. Civ. Code § 1709)

3. Defendants knowingly made false representations in court filings to induce dismissal of Plaintiff's case and facilitate the $3.5M fraudulent payout.

Count 4 – Obstruction of Justice (18 U.S.C. §§ 1503, 1512)

4. Defendants corruptly impeded the due administration of justice by delaying Plaintiff's filing for 334 days and enabling K.D.'s case to proceed first.

Count 5 – Theft or Embezzlement of Public Funds (18 U.S.C. § 641)

5. Defendants converted public funds in the amount of $3.5 million to pay a fictitious claimant.

Count 6 – False Statements and Falsification of Records (18 U.S.C. § 1001)

PLEADING TITLE - 4

6. Defendants falsified court records and notices to misrepresent case relationships and jurisdictions.

Count 7 – Mail and Wire Fraud (18 U.S.C. §§ 1341, 1343, 1346)

7. Defendants used mail and wire communications to transmit fraudulent filings and settlement documents.

Count 8 – Denial of Equal Protection (14th Amendment; 42 U.S.C. § 1983)

8. Defendants treated Plaintiff differently from similarly situated litigants without a legitimate basis.

Count 9 – Retaliation Against Whistleblower (42 U.S.C. § 1983; Cal. Gov. Code § 53298)

9. Defendants retaliated against Plaintiff for attempting to expose misconduct.

Count 10 – Misappropriation and Conversion of Intellectual Property (Cal. Civ. Code § 3336)

10. Defendants took Plaintiff's legal work product and used it in K.D.'s fabricated case.

Count 11 – Abuse of Process (Common Law)

11. Defendants willfully misused judicial processes for improper purposes.

Count 12 – Civil RICO (18 U.S.C. §§ 1961–1968)

12. Defendants engaged in a pattern of racketeering activity involving mail fraud, wire fraud, and theft of public funds.

Count 13 – RICO Conspiracy (18 U.S.C. § 1962(d))

PLEADING TITLE - 5

13. Defendants conspired to commit RICO violations through the fraudulent scheme.

Count 14 – Fraud Upon the Court (Hazel-Atlas Glass Co. v. Hartford-Empire Co.)

14. Defendants fabricated pleadings and manipulated case assignments to secure dismissal.

Count 15 – Witness/Victim Tampering (18 U.S.C. § 1512)

15. Defendants intimidated and manipulated Plaintiff to abandon his claims.

Count 16 – Deprivation of Honest Services (18 U.S.C. § 1346)

16. Defendants deprived the public and Plaintiff of honest services through self-dealing and fraud.

Count 17 – Violation of California Constitution – Due Process & Petition Rights

17. Defendants denied Plaintiff's rights under the California Constitution.

Count 18 – Negligent Supervision and Retention (Cal. Gov. Code § 815.2)

18. LAUSD failed to supervise or discipline employees involved in misconduct.

Count 19 – Breach of Fiduciary Duty (Common Law)

19. Defendants breached duties of honesty, integrity, and lawful stewardship.

Count 20 – Conversion of Public and Private Property (Cal. Civ. Code § 3336)

20. Defendants wrongfully controlled both public funds and Plaintiff's legal property.

Count 21 – Federal Program Fraud (18 U.S.C. § 666)

21. Defendants misapplied over $5,000 in federally linked funds.

Count 22 – Intentional Infliction of Emotional Distress (Common Law)

22. Defendants engaged in outrageous conduct intended to cause distress.

Count 23 – Civil Theft (Cal. Penal Code § 496)

23. Defendants knowingly received and benefited from stolen evidence and work product.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants, jointly and severally, as follows:

PLEADING TITLE - 7

A. Compensatory damages of $23,000,000;

B. Punitive damages to punish and deter;

C. Restitution of $3.5 million in misappropriated public funds;

D. Declaratory relief;

E. Attorneys' fees and costs; and

F. All further relief the Court deems just and proper.

Dated this 9th day of august , 2025

_____
Attorney Name

PLEADING TITLE - 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Electronically FILED by
Superior Court of California,
County of Los Angeles
12/27/2023 11:09 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Lopez, Deputy Clerk

OF CALIFORNIA

NGELES

This is a falsified RECORD my SMJ wasn't real , related case wasn't real



COURT OF APPEAL – SECOND DIST.

FILED

Aug 01, 2025

EVA McCLINTOCK, Clerk

Angelica Lopez      Deputy Clerk

ALIFORNIA

This is a criminal- I pray which ever federal clerk reads this has integrity

1:19    ▪▪▪ 5G⁵ ▪

ⓘ lacourt.ca.gov

10:00 AM in Torrance Courthouse at Department M

**10/16/2023**   Mandatory Settlement Conference (MSC) scheduled for 06/18/2024 at 08:30 AM in Torrance Courthouse at Department M

**10/16/2023**   Order Appointing Court Approved Reporter as Official Reporter Pro Tempore re Monica Castaneda, CSR10323; Filed by:

**10/16/2023**   Minute Order (Case Management Conference; Hearing on Motion for Judgment on...)

**10/16/2023**   Certificate of Mailing for (Case Management Conference; Hearing on Motion for Judgment on...) of 10/16/2023; Filed by: Clerk

**10/16/2023**   Case Management Conference scheduled for 10/16/2023 at 01:30 PM in Torrance Courthouse at Department M updated: Result Date to 10/16/2023; Result Type to Held

**10/16/2023**   Hearing on Motion for Judgment on the Pleadings scheduled for 10/16/2023 at 01:30 PM in Torrance Courthouse at Department M updated: Result Date to 10/16/2023; Result Type to Held - Motion Denied

**10/16/2023**   Order to Show Cause Re: Failure to File Proof of Service; Failure to Prosecute Case; Failure to File Request For Entry of Default scheduled for 10/16/2023 at 01:30 PM in Torrance Courthouse at Department M updated: Result Date to 10/16/2023; Result Type to Held

**10/13/2023**   Hearing on Motion for Judgment on the Pleadings scheduled for 10/16/2023 at 01:30 PM in Torrance Courthouse at Department M

**10/13/2023**   On the Court's own motion, Case

K.D was having settlement conferences 10 months before my case was dismissed via a falsified record placed in to the docket by a higher level appeal clerk



MY EVIDENCE IS AT K.D
settlement- "JR0000008



12:04

KD SETTELMENT CONFEREN...     Done

1  was LAUSD's "Community Representative" who was allowed to interact with students for
2  decades with impunity.

**LEGAL ISSUES**

4  Plaintiff alleges the following claims against Defendant: (1) Negligence; (2) Negligent
5  Supervision of Alleged Perpetrator; (3) Negligent Hiring and Retention; and (4) Negligent
6  Supervision of a Minor.

7  It is difficult to discern what defense LAUSD will present at trial. Remarkably,
8  although Lott was employed at the District since the 1970's and apparently retired from the
9  District in 2021, the earliest personnel record that they have of Lott is from 2013. Thus,
10 LAUSD destroyed or lost over 40 years of personnel records and can provide no explanation
11 for why the records do not exist.

12 At trial, Plaintiff will ask that the jury be instructed on CACI No. 204, which states:
13 "You may consider whether one party intentionally concealed or destroyed evidence. If you
14 decide that a party did so, you may decide that the evidence would have been unfavorable to
15 that party."

16 Here, the evidence demonstrates that such unfavorable evidence existed, or should
17 have existed, against Lott. K.D. testified that teachers and administrators at the District were
18 advised of Lott's sexual abuse of Plaintiff. K.D. was digitally penetrated by Lott after she
19 reported the abuse to her teacher. Thus, K.D. will be able to demonstrate that LAUSD was on
20 actual notice of Lott's dangerous propensities but failed to take appropriate action.

21 Indeed, it appears that no investigation of Lott was performed and that he was never
22 disciplined. Just three years later when K.D.'s brother attended Washington Preparatory,
23 there were anecdotes of Lott engaging in sexual interactions with both male and female
24 students and rumors that he was fired and allowed to return to the school after having a sexual
25 relationship with a student. LAUSD has no records to confirm or deny such reports.

26 In 2006, Lott was still terrorizing students in the weight room – 20 years after Plaintiff
27 reported that Lott sexually abused her. A different Plaintiff (and client of this firm) states that
28 Lott sexually abused him at his home on multiple occasions. This client has submitted

PLAINTIFF JANE DOE K.D.'S MANDATORY SETTLEMENT CONFERENCE BRIEF

1  evidence that Lott was openly disseminating photographs and calendars of shirtless male
2  students on campus. LAUSD's utter failure to supervise and discipline Lott over decades
3  plainly emboldened him to act with impropriety towards Washington Preparatory's students.

**DAMAGES**

5  Plaintiff has suffered lifelong damages as a result of Defendant's negligence. K.D.
6  testified that she has suffered from and continues to suffer from low self-esteem, depression,

Open in Word

PLEA

Mentioning me again I don't need K.D she's way older than 50 tho but call me 40? No objection LAUSD?



2:11    •ıll 5G

KD SETTELMENT CONFERENCE ⌄    Done

1    was LAUSD's "Community Representative" who was allowed to interact with students for
2    decades with impunity.

3    **LEGAL ISSUES**

4    Plaintiff alleges the following claims against Defendant: (1) Negligence; (2) Negligent
5    Supervision of Alleged Perpetrator; (3) Negligent Hiring and Retention; and (4) Negligent
6    Supervision of a Minor.

7    It is difficult to discern what defense LAUSD will present at trial. Remarkably,
8    although Lott was employed there since the 1970's and apparently retired from the
9    District in 2021, the earliest personnel record that they have of Lott is from 2013. Thus,
10   LAUSD destroyed or lost over 40 years of personnel records and can provide no explanation
11   for why the records do not exist.

12   At trial, Plaintiff will ask that the jury be instructed on CACI No. 204, which states:
13   "You may consider whether one party intentionally concealed or destroyed evidence. If you
14   decide that a party did so, you may decide that the evidence would have been unfavorable to
15   that party."

16   Here, the evidence demonstrates that such unfavorable evidence existed, or should
17   have existed against Lott. K.D. testified that teachers and administrators at the District were
18   advised of Lott's sexual abuse of Plaintiff. K.D. was digitally penetrated by Lott _after_ she
19   reported the abuse to her teacher. Thus, K.D. will be able to demonstrate that LAUSD was on
20   actual notice of Lott's dangerous propensities but failed to take appropriate action.

21   Indeed, it appears that no investigation of Lott was performed and that he was never
22   disciplined. Just three years later when K.D.'s brother attended Washington Preparatory,
23   there were anecdotes of Lott engaging in sexual interactions with both male and female
24   students and rumors that he was fired and allowed to return to the school after having a sexual
25   relationship with a student. LAUSD has no records to confirm or deny such reports.

26   In 2006, Lott was still terrorizing students in the weight room – 20 years after Plaintiff
27   reported that Lott sexually abused her. A different Plaintiff (and client of this firm) states that
28   Lott sexually abused him at his home on multiple occasions. This client has submitted

PLAINTIFF JANE DOE K.D.'S MANDATORY SETTLEMENT CONFERENCE BRIEF

⬆    Open in Word    Ⓐ    ✏️    🔍

I DID NOT NEED K.D - K.D needed me



3:01     all 5G

2024 2-16 Declaration ISO MSJ    Done

23.    Defendant LAUSD, acting through its administrators, supervisory employees,

teachers and staff knew or should have known that DARRYL LOTT engaged in other misconduct

prior to, and during, his abuse of Plaintiff based on the grounds that DARRYL LOTT was alone with

students for extended periods of time without justification, that DARRYL LOTT was overly

physically close with students, that DARRYL LOTT was affectionate with students, that students of

the school's weightlifting club publicly posted photos of themselves that were taken off campus at

DARRY LOTT's home, that DARRYL LOTT directed students of the school's weightlifting club to

meet at his nearby home instead of on campus, and other similar misconduct.

24.    Had LAUSD, acting through its administrators, supervisory employees, teachers and

staff adequately supervised Plaintiff and DARRYL LOTT, Plaintiff would not have been abused

and/or would not have been abused to the extent that he was abused. Had Defendant LAUSD taken

proper action against DARRYL LOTT, it could have prevented some, or all, of DARRYL LOTT's

abuse of Plaintiff.

5

**COMPLAINT FOR DAMAGES**

///

25.    ause of LAUSD's failures to adequately supervise and investiga DARRYL

LOTT, DAR LOTT was able to sexually abuse and attack Plaintiff on several casions.

26.    reover, on information and belief, DARRYL LOTT sexually a ulted, sexually

abused, and ally harassed several other students on the Washington School c pus.

**STATUTE OF LIMITATIONS**

27.    aintiff JOHN DOE J.R. is over forty years old as of the date c e filing of this

Complaint uant to Code of Civil Procedure section 340.1, as effective o anuary 1, 2020, this

complaint ly pursuant to Code of Civil Procedure section 340.1(q) be use this is a lawsuit for

the recover mages suffered as a result of childhood sexual assault, a the time for

commencem this action is on or fore December 31, 2022.

28.    ant to Code of Civil Procedure section 340.1(q), any claims arising from

childhood sexual assault that would otherwise be time barred as of January 1, 2020 because of the

prior statute of limitations, prior claim presentation deadlines, or the expiration of any other time

limit, are revived and may be commenced within three years of January 1, 2020.

I am 35 not 40

PLEADING TITLE - 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLEADING TITLE – 16

22  DIFFERENCE.
23          MR. BUMBU:  I ABSOLUTELY AGREE, YOUR HONOR,
24  THERE'S AN ATTENUATION ASPECT TO THIS.  AND YOU ASK WHAT
25  IS THE CASE LAW.  I THINK IT GOES BACK TO THE SAME CASE
26  LAW OF HART AND MUNOZ, WHICH IS THAT THE EVIDENCE CANNOT
27  BE BASED ON ASSUMPTIONS OR SPECULATION.  AND I THINK WHEN
28  THE ONLY EVIDENCE THAT YOU HAVE IN 2024, FROM A CASE THAT

07-07-2025 7:16PM

Page 16

1   WAS FILED IN 2022 REGARDING EVENTS THAT HAPPENED IN
2   2005/2006 ARE ANOTHER LITIGANT'S SELF-SERVING HEARSAY
3   DOCUMENT COMING FORWARD AND SAYING, OH, IN 1989, ME AND
4   MY MOM TOLD, AGAIN, A COUNSELOR SOMETHING HAPPENED WITH
5   THIS SAME INDIVIDUAL.  NO.  THAT IS NOT ENOUGH.  IT IS
6   SIMPLY WAY TOO ATTENUATED -- GROSSLY ATTENUATED FOR
7   PURPOSES OF PLAINTIFF'S CASE.  AND, AGAIN, MR. CHUNG
8   REPRESENTS J.R.
9           THE COURT:  I KNOW.
10          MR. BUMBU:  HE DOESN'T REPRESENT K.D.
11          THE COURT:  MR. CHUNG, DO YOU HAVE ANY -- YOU
12  KNOW, IN THIS NEW WORLD WHERE YOU COULD GO BACK IN TIME
13  AND BRING THESE CASES FROM WHAT OCCURRED LONG AGO, ARE
14  YOU AWARE OF ANY CASES THAT YOU CAN KIND OF LINK MAYBE
15  SOMEONE WAS TOLD A LONG TIME AGO ABOUT A PERSON AND THAT
16  CAN BE USED TO SHOW THAT, YOU KNOW, 30 YEARS LATER THE
17  SCHOOL DISTRICT SHOULD BE LIABLE?
18          MR. CHUNG:  I UNDERSTAND THAT THE COMPLAINT WAS
19  MADE SEVERAL YEARS PRIOR TO WHAT HAPPENED WITH J.R.
20  HOWEVER, I DON'T UNDERSTAND WHY THAT WOULD MATTER TO BE
21  HONEST WITH YOU BECAUSE IT'S AT THE SAME SCHOOL.  IT'S
22  THE SAME ABUSER.  AND MORE IMPORTANTLY, WHAT I WANT TO
23  CONVEY IS THE DEFENDANT CANNOT PROVE THAT THAT INTER --
24  THAT DURING THAT INTERIM TIME PERIOD THE ABUSER WAS
25  SUPERVISED, THAT HE WAS INVESTIGATED OR WHY, YOU KNOW, HE
26  CONTINUED TO BE EMPLOYED -- BE EMPLOYED DESPITE THE
27  COMPLAINT.  I MEAN, THERE IS NO -- THERE'S NO SPECIFIC
28  CASE LAW ON THAT POINT.

07-07-2025 7:16PM

Page 17

1           BUT THE POINT THAT THE SCHOOL DISTRICT WAS AWARE
2   AND PUT ON NOTICE OF THE ABUSER THAT'S -- THAT GOES TO
3   THE DIRECT ELEMENT OF WHAT THE CASE IS ABOUT.  THEY
4   HAVE -- THE PLAINTIFF HAS TO PROVE THAT THE SCHOOL
5   DISTRICT KNEW OR SHOULD HAVE KNOWN.  THAT'S AN ELEMENT OF
6   THE CASE.  WE'VE SUPPLIED YOU WITH THE EVIDENCE TO SHOW

PLEADING TITLE - 17

I DID NOT NEED K.D , K.D needed me

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLEADING TITLE – 18

This is a void filing as an appeal clerk is involving her self in lower court matters



James W. Lewis, Esq. (SBN 207599)
jlewis@sssfirm.com
Andrew J. Chung, Esq. (SBN 249771)
achung@sssfirm.com
Cindy K. Suh, Esq. (SBN 331072)
csuh@sssfirm.com
**SLATER SLATER SCHULMAN, LLP**
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Telephone: (310) 341-2086

**Attorneys for Plaintiff,**
JOHN DOE J.R., an individual,

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/27/2023 11:09 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Lopez, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| JOHN DOE J.R., an individual, | Case No.: 22STCV37608 |
| Plaintiff, | *[Assigned to the Hon. Alison Mackenzie, Dept. 55]* |
| vs. | |
| DOE 1, a public entity; DOE 2, an individual; and DOES 3 through 60, inclusive, | **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE** |
| | **Date: January 10, 2024** |
| | **Time: 8:30 a.m.** |
| | **Dept.: 55** |
| Defendants. | Action filed: December 1, 2022 |
| | Trial Date: June 3, 2024 |

TO THE HONORABLE COURT AND ALL PARTIES AND TO THEIR RESPECTIVE

ATTORNEYS OF RECORD:

   Plaintiff John Doe J.R. ("Plaintiff"), by and through his attorneys of record, hereby

provides notice that on January 10, 2024 she will request judicial notice of the following items:

**REQUEST FOR JUDICIAL NOTICE**

   Exhibit 1: Policy Bulletin 1347.5: Child Abuse and Neglect Reporting Requirements from

the LAUSD website

1

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

Save    Share

This document was filed into my superior court case BY A APPEALS COURT CLERK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLEADING TITLE - 21



I DIDNT HAVE ANY
EVIDENCE BECAUSE
THEY USED IT ALL



PLEA



This is KD counsel
which was mines
as well

9:17    .ıll 5G⁺ 🔋

≡    KD SETTLEMENT CONFERENCE ⌄    Done

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**

I am employed in the County of Los Angeles, State of Californ[ia]
eighteen years and not a party to the within action; my business addre[ss]
Suite 255, Beverly Hills, CA 90211.

On June 11, 2024, I served the foregoing **PLAINITFF JANE DOE K**
**SETTLEMENT CONFERENCE BRIEF** on the interested parties i[n]
one of the methods of service as follows:

| Paul V. Carelli, IV, Esq<br>Gil Abed, Esq<br>ARTIANO SHINOFF<br>3636 Fourth Ave, Suite 200<br>San Diego, CA 92103<br>(619) 232-3122<br>PCarelli@as7law.com<br>GAbed@as7law.com<br>jestrada@as7law.com<br>cwilson@as7law.com<br>kfuentes@as7law.com | *Attorneys for Defend[ant]*<br>UNIFIED SCHOOL |
|---|---|
| Brian J. Perkins, Esq<br>PEIFFER WOLF<br>555 Montgomery Street, Suite 820<br>San Francisco, CA 94111<br>(415) 766-3544<br>Paralegal: Meghan Lewis<br>bperkins@peifferwolf.com<br>mlewis@peifferwolf.com | *Co-Counsel for Plain[tiff]* |

(X)    **ELECTRONIC MAIL (Email):** I emailed the above
address cosima.martus@sssfirm.com to the person(s)
set forth below. No error was reported. A true a[nd]
transmittal report will be produced if requested by an[y]

I declare under the penalty of perjury under the laws of the Sta[te]

⬆    Open in Word    ⓐ    ⌨    🔍

PLEA[

This is not the counsel
listed on the docket

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLEADING TITLE - 26



8:45    .ill 5G⚡

≡    8-21-2024 SMJ DISMISSAL ⌄    Done

NOW, WHAT I'LL REPRESENT TO YOUR HONOR IS THE
DECLARANT K.D. COULD NOT STATE IN HER DEPOSITION THE
SPECIFIC IDEN -- THE NAMES OR THE IDENTITIES OF THE
ADMINISTRATORS AND THE ENTIRE FULL NAME OF THE TEACHER
SHE COMPLAINED TO ABOUT THE ABUSER.

HOWEVER, WE HAVE THOSE NAMES.  THOSE PEOPLE WILL
BE DEPOSED, I THINK, IN THE NEXT WEEK OR TWO.  THE FACT
THAT SHE CANNOT STATE THE -- THE FACT THAT THE DECLARANT

CANNOT STATE THE WITNESSES' FULL NAMES, THAT DOESN'T MEAN
THE DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT.  IT
CREATES A TRIABLE FACT.  AND THE JURY SHOULD DECIDE
WHETHER PLAINTIFF CAN ESTABLISH NOTICE OR THE JURY SHOULD
BE ABLE TO DECIDE WHETHER PLAINTIFFS -- THE PLAINTIFF HAS
PRESENTED ENOUGH EVIDENCE FOR VICARIOUS LIABILITY.

DEFENDANT SIMPLY HASN'T SHOWN THAT PLAINTIFF
CANNOT REASONABLY OBTAIN THE EVIDENCE.  AND, IN FACT, WE
HAVE THE NAMES BECAUSE WORKING WITH DEFENSE COUNSEL,
THEY'VE BEEN ABLE TO IDENTIFY THE ADMINISTRATORS AND THE
TEACHER THAT K.D. DESCRIBED IN HER DEPOSITION.  THAT'S
ONE POINT.  SO I THINK MUNOZ (CROSS-TALKING) --

THE COURT:  I HAVE A QUESTION.  I HAVE A
QUESTION ABOUT THAT.  SORRY TO INTERRUPT.

MR. CHUNG:  YES.

THE COURT:  WHERE'S THE DISCOVERY RESPONSE?
THIS IS NEWS TO ME.  I DON'T REMEMBER SEEING ANYTHING IN
THE PAPERS ABOUT, OH, THE IDENTITIES OF THESE
INDIVIDUALS.  WHERE IS THAT?

MR. CHUNG:  RIGHT.  IT'S BECAUSE WE'VE BEEN
WORKING WITH DEFENSE COUNSEL AND DEFENSE COUNSEL HAS
PROVIDED THE NAMES OF THESE INDIVIDUALS PER THEIR
RESEARCH.

THE COURT:  BUT -- OKAY.  SO THEN THERE'S NO
DISCOVERY RESPONSE?  I DON'T UNDERSTAND.  SO THESE
ADMINISTRATORS ARE KNOWN TO EVERYONE BUT NOT IN EVIDENCE
AND NOT PART OF THIS MOTION?

MR. CHUNG:  WELL, I MEAN, I DON'T THINK THE --

⬆    Open in Word    ⊙    ☑    🔍

PLEAD

My former counsel is admitting to working with LAUSD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLEADING TITLE - 28